KLAUS BIESENBACH
kdbconsulting@proton.me
1390 Market Street, Suite 2819
San Francisco, CA 94102
Plaintiff, Pro Se

FILED
SEP 28 2026
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| , **KLAUS BIESENBACH,**<br>Plaintiff,<br>v.<br>, **EDUARDO GUZMAN,**<br>on United Airlines Flight UA 2658<br>January 23, 2026,<br>Defendant. | No. CV26-11011SK<br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501 (AND RELATED CLAIMS)**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Klaus Biesenbach ("Plaintiff"), appearing pro se, brings this complaint against Defendant Eduardo Guzman and DOES 1–10 (collectively "Defendants"), including the user(s) of the device identified on the United_Wi-Fi network at local IP address 172.27.5.83 (hostname/identifier NCI-02226111-ML, Apple / macOS, MAC address 88:66:5A:1C:BC:70) on United Airlines Flight UA 2658 on January 23, 2026, and alleges as follows:

## I. Introduction

1. This is a case about the willful copyright infringement of Plaintiff's original copyrighted works. Plaintiff brings this action under 17 U.S.C. § 501 because Defendants, on January 23, 2026, accessed Plaintiff's Apple account without authorization, used Plaintiff's copyrighted pictures (which Plaintiff used as wallpaper on his devices) by causing them to appear as the desktop/wallpaper on an unauthorized device logged into Plaintiff's Apple account, and, through Apple Continuity features, mirrored Plaintiff's screen onto the device NCI-02226111-ML at IP 172.27.5.83 on the aircraft Wi-Fi network. Plaintiff seeks maximum statutory damages of $150,000 for each of ten (10) unpublished works, for a total of $1,500,000.

2. Plaintiff is the author and owner of the original works registered with the United States Copyright Office under Registration No. VAU001597977 (effective June 11, 2026), which include the works used as wallpaper and displayed through the unauthorized mirroring.

3. On January 23, 2026, while Plaintiff was seated having a breakfast taco and, believing that the departure time corresponded to gate-close time, proceeded to Gate B3 at approximately 1:50 p.m., Plaintiff activated Find My iPhone and followed directions associated with an AirTag linked to Plaintiff's Apple account. The Find My / AirTag location data led Plaintiff directly to Eduardo Guzman. Guzman is associated with the John Doe defendant in the related pending action Case No. CV-26-10710. The subject device NCI-02226111-ML was logged on the United_Wi-Fi network at local IP 172.27.5.83 (router/gateway 172.27.7.212) in connection with the next flight on which Plaintiff and Defendants were scheduled, Flight UA 2658.

4. Although Defendants attempted to conceal the infringement by acting through Apple Continuity features and an anonymized network presence, Defendant Eduardo Guzman's identity is known and address can be ascertained through United Airlines' passenger, seat-assignment, and inflight Wi-Fi authentication and session records for Flight UA 2658 on January 23, 2026, together with records linking the controlled enterprise device NCI-02226111-ML (MAC 88:66:5A:1C:BC:70).

5. This is a civil action seeking maximum statutory damages of $150,000 per work for willful copyright infringement of ten unpublished works under 17 U.S.C. §§ 501 and 504(c) (total $1,500,000), together with related relief under the Computer Fraud and Abuse Act, the Wiretap Act, the Stored Communications Act, and 18 U.S.C. § 2261A.

## II. Jurisdiction and Venue

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (jurisdiction over copyright actions). This action arises under the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq., and specifically under 17 U.S.C. § 501. Supplemental jurisdiction over the related claims exists under 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over Defendants because a substantial part of the events or omissions giving rise to the claims occurred in this District, and because Defendants were physically present in this District at the time of the infringing acts (including presence at San Francisco International Airport and on the subject United Airlines flight).

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this District and because Defendants reside or may be found in this District. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1400(a) (venue for copyright cases).

## III. Parties

9. Plaintiff Klaus Biesenbach is an individual who was present at San Francisco International Airport and scheduled on United Airlines Flight UA 2658 on January 23, 2026. Plaintiff is the

author and copyright owner of the original works registered under Registration No. VAU001597977.

10. Defendant Eduardo Guzman is an individual who, on January 23, 2026, was located by Plaintiff via Find My iPhone / AirTag at Gate B3 at approximately 1:50 p.m. after Plaintiff had been seated having a breakfast taco. Guzman is associated with the John Doe defendant in the related pending action Case No. CV-26-10710. Guzman, together with DOES 1–10 (including users associated with device NCI-02226111-ML (MAC 88:66:5A:1C:BC:70 and at least nine additional persons), used or controlled the device NCI-02226111-ML (Apple / macOS, MAC address 88:66:5A:1C:BC:70) logged on the United_Wi-Fi network at local IP address 172.27.5.83 (router 172.27.7.212) in connection with Flight UA 2658. The true names and capacities of the Doe Defendants are presently unknown to Plaintiff; Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

## IV. Factual Background

### A. Plaintiff's Copyrighted Works

11. Plaintiff is the sole author and owner of the copyrights in the original works registered with the United States Copyright Office under Registration Number VAU001597977 (effective June 11, 2026). The registered works include unpublished pictorial and graphic works that Plaintiff used as wallpaper on Plaintiff's Apple devices.

12. Prior to and on January 23, 2026, Plaintiff maintained the original digital files of these works on Plaintiff's devices and in Plaintiff's Apple iCloud account, and displayed them as wallpaper.

### B. Defendants Used Apple Continuity Features and the Aircraft Wi-Fi Network to Infringe Plaintiff's Copyrighted Works

13. On January 23, 2026, Plaintiff was present at San Francisco International Airport in connection with United Airlines Flight UA 2658. While seated having a breakfast taco, and believing the scheduled departure corresponded to gate-close time, Plaintiff went to Gate B3 at approximately 1:50 p.m.

14. Plaintiff activated Apple's Find My iPhone feature and followed directions associated with an AirTag linked to Plaintiff's Apple account. The Find My / AirTag location data led Plaintiff directly to Defendant Eduardo Guzman at or near Gate B3. Guzman is associated with the John Doe defendant in the related pending action Case No. CV-26-10710.

15. On the same date, in connection with the next flight on which Plaintiff and Defendants were scheduled (United Airlines Flight UA 2658), Defendants obtained access to Plaintiff's Apple account credentials and used Apple Continuity technology to share, mirror, and control Plaintiff's screen without authorization.

16. Apple Continuity is a suite of features built into Apple's operating systems (macOS, iOS, iPadOS) that, when multiple devices are signed in to the same Apple Account (Apple ID), enables seamless interaction among those devices. Continuity features include Handoff (continuing an

activity started on one device on another nearby device), Universal Clipboard, Universal Control (using a single keyboard and pointer across nearby Mac and iPad devices signed into the same Apple Account), screen sharing / mirroring capabilities, and related remote-view and control functions. When a person adds a device to an Apple Account, that device can participate in Continuity with other devices on the same account, provided Bluetooth and Wi-Fi are enabled and the devices are within the required proximity or network range. Defendants exploited these features after obtaining access to Plaintiff's Apple Account so that Plaintiff's copyrighted wallpaper images and screen content appeared on, and were mirrored to, the unauthorized device NCI-02226111-ML, making the mirrored desktop appear to be Plaintiff's own.

17. Using the unauthorized access and Continuity features, Defendants caused Plaintiff's copyrighted pictures (used by Plaintiff as wallpaper) to appear as the desktop/wallpaper on the device logged into Plaintiff's Apple account at local IP 172.27.5.83 (hostname NCI-02226111-ML, Apple / macOS, MAC 88:66:5A:1C:BC:70) on the United_Wi-Fi network (router/gateway 172.27.7.212). Defendants, together with others including individuals associated with Chapel Haus and at least nine additional persons, thereby reproduced, displayed, and distributed Plaintiff's copyrighted works without authorization and used the mirrored appearance to defraud Plaintiff and to gain further unauthorized access.

18. The device NCI-02226111-ML is a controlled enterprise asset following a structured organizational naming convention (prefix NCI-, asset number, functional suffix -ML). Its presence and activity on the United_Wi-Fi network in connection with Flight UA 2658, correlating with the Find My / AirTag location of Defendant Guzman and the unauthorized Continuity-based screen mirroring of Plaintiff's copyrighted wallpaper which he currently can not change as of September 28.2026 and desktop, demonstrate coordinated unauthorized access and infringement.

**C. Technical Detection and Logging**

19. Plaintiff's investigation relied upon the Fing network security and device-recognition platform. Fing identifies devices connected to a local network and maintains detailed logs of device activity, including local IP address, MAC address, vendor/manufacturer, operating system, hostname, and timestamps.

20. On the United_Wi-Fi network associated with the relevant flight activity, Fing detected and logged: (a) Device hostname/identifier NCI-02226111-ML; (b) Local IP address 172.27.5.83; (c) MAC address 88:66:5A:1C:BC:70; (d) Vendor / platform recognition Apple / macOS; (e) Network SSID United_Wi-Fi; (f) Router / gateway local IP 172.27.7.212.

21. Plaintiff hereby submits and incorporates by reference network scan documentation capturing the device NCI-02226111-ML at IP 172.27.5.83 (including MAC address 88:66:5A:1C:BC:70) on the United_Wi-Fi network, which corroborates the presence and activity of the subject device in connection with the events of January 23, 2026.

22. Analysis of the device identifier NCI-02226111-ML demonstrates that it is a controlled property item under standard enterprise IT asset management practices. Discovery is necessary to

identify the full ownership, custodianship, and operational history of this controlled device and its connection to Defendant Guzman, Chapel Haus, and the other Doe Defendants.

23. Plaintiff did not authorize Defendants to access Plaintiff's Apple account or devices, to add any device to Plaintiff's Apple Account, to use Continuity features to share or mirror Plaintiff's screen, to reproduce, display, or distribute Plaintiff's copyrighted works (including the wallpaper images), or to cause those works to appear as a desktop on any unauthorized device.

24. Defendants' infringement was willful. Defendants acted with knowledge that the conduct infringed Plaintiff's exclusive rights under the Copyright Act, or with reckless disregard of those rights, and intentionally used Plaintiff's copyrighted works as mirrored wallpaper/desktop content on an unauthorized device to defraud Plaintiff and to facilitate further unauthorized access.

## V. COUNT I

### Copyright Infringement – 17 U.S.C. § 501
**(Primary Claim – Statutory Damages $150,000 per Work × 10 Works)**

25. The allegations contained in paragraphs 1 through 24 are hereby re-alleged as if fully set forth herein.

26. Plaintiff is the owner of the copyrights in the original works registered under Registration No. VAU001597977. The works are original works of authorship fixed in a tangible medium of expression. Plaintiff asserts infringement of ten (10) unpublished works.

27. 17 U.S.C. § 501 provides that anyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 is an infringer of the copyright.

28. Under 17 U.S.C. § 106, the owner of copyright has the exclusive rights to reproduce the copyrighted work, to prepare derivative works, to distribute copies, and to display the copyrighted work publicly, among other rights.

29. Defendants, without authorization, accessed Plaintiff's Apple account, used Apple Continuity features to mirror Plaintiff's screen, reproduced and displayed Plaintiff's copyrighted pictures (including those used as wallpaper) so that they appeared as the desktop on the unauthorized device NCI-02226111-ML at IP 172.27.5.83, and thereby violated Plaintiff's exclusive rights under 17 U.S.C. § 106.

30. By the foregoing acts, Defendants violated Plaintiff's exclusive rights under 17 U.S.C. § 106 and are infringers of the copyright under 17 U.S.C. § 501.

31. Defendants' infringement was committed willfully within the meaning of 17 U.S.C. § 504(c)(2).

32. Pursuant to 17 U.S.C. § 504(c), Plaintiff elects to recover an award of statutory damages for the infringement of each of the ten (10) works and seeks the maximum award of $150,000 for willful infringement of each work, for a total of $1,500,000.

33. Plaintiff is further entitled to permanent injunctive relief under 17 U.S.C. § 502,

impoundment under 17 U.S.C. § 503, and recovery of full costs and a reasonable attorney's fee under 17 U.S.C. § 505.

## VI. COUNT II

### Violation of the Computer Fraud and Abuse Act – 18 U.S.C. § 1030 (Related Claim)

34. The allegations contained in paragraphs 1 through 33 are hereby re-alleged as if fully set forth herein.

35. Defendants intentionally accessed a computer without authorization or exceeded authorized access, and thereby obtained information and caused damage and loss, including unauthorized access to Plaintiff's Apple account and devices and the unauthorized reproduction and display of Plaintiff's copyrighted works, in violation of 18 U.S.C. § 1030(a)(2) and (a)(5).

36. Plaintiff is entitled to compensatory damages, injunctive relief, and other remedies under 18 U.S.C. § 1030(g).

## VII. COUNT III

### Violation of the Wiretap Act – 18 U.S.C. §§ 2510 et seq. (Related Claim)

37. The allegations contained in paragraphs 1 through 36 are hereby re-alleged as if fully set forth herein.

38. Defendants intentionally intercepted electronic communications, including screen content and data transmissions, without authorization, in violation of 18 U.S.C. § 2511.

39. Plaintiff is entitled to appropriate relief under 18 U.S.C. § 2520.

## VIII. COUNT IV

### Violation of the Stored Communications Act – 18 U.S.C. §§ 2701 et seq. (Related Claim)

40. The allegations contained in paragraphs 1 through 39 are hereby re-alleged as if fully set forth herein.

41. Defendants intentionally accessed without authorization a facility through which an electronic communication service is provided (including Plaintiff's Apple iCloud account) and thereby obtained, altered, or prevented authorized access to stored electronic communications and files, including Plaintiff's copyrighted works, in violation of 18 U.S.C. § 2701.

42. Plaintiff is entitled to appropriate relief under 18 U.S.C. § 2707.

## IX. COUNT V

### Cyberstalking / Interstate Stalking – 18 U.S.C. § 2261A (Related Claim)

43. The allegations contained in paragraphs 1 through 42 are hereby re-alleged as if fully set forth herein.

44. Defendants, with the intent to harass, intimidate, or cause substantial emotional distress,

used an interactive computer service and electronic communication system of interstate and foreign commerce to engage in a course of conduct that caused or would reasonably be expected to cause substantial emotional distress to Plaintiff, in violation of 18 U.S.C. § 2261A. The use of Find My / AirTag location data leading to Defendant Guzman at Gate B3, the unauthorized access to Plaintiff's Apple account, the Continuity-based screen mirroring of Plaintiff's copyrighted wallpaper and desktop onto an unauthorized device, and the association with the related pending action Case No. CV-26-10710 aggravated the harassment and intimidation.

45. Plaintiff seeks all available relief arising from this violation.

## X. Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that the Court:

(A) Enter judgment in favor of Plaintiff and against Defendants on Count I under 17 U.S.C. § 501, and on all related counts;

(B) Award Plaintiff statutory damages of $150,000 for willful copyright infringement of each of the ten (10) works registered under Registration No. VAU001597977, for a total of $1,500,000, pursuant to 17 U.S.C. §§ 501 and 504(c);

(C) Award Plaintiff compensatory and statutory damages under the related claims;

(D) Permanently enjoin Defendants from continuing to infringe Plaintiff's copyrighted works and from any further access to Plaintiff's devices, accounts, and data, pursuant to 17 U.S.C. § 502;

(E) Order that Defendants delete and permanently remove any remaining copies of Plaintiff's works from any computers or devices under Defendants' possession, custody, or control, pursuant to 17 U.S.C. § 503;

(F) Award Plaintiff full costs and a reasonable attorney's fee under 17 U.S.C. § 505; and

(G) Grant Plaintiff any other and further relief this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: September 28, 2026

Respectfully submitted,

Respectfully submitted,

Klaus Biesenbach
1390 Market Street, Suite 2819
San Francisco, CA 94102
Plaintiff, Pro Se